**Theodore LEMEK**

v.

**WASHINGTON OAKS, INC.**

**No. 85–80–M.P.**

Supreme Court of Rhode Island.

April 27, 1987.

Raul L. Lovett, Marc B. Gursky, Lovett, Schefrin & Gallogly, Providence, for plaintiff.

Gregory L. Boyer, Bernard W. Boyer, Boyer, Reynolds & DeMarco, Providence, for defendant.

## OPINION

MURRAY, Justice.

This case is before the court on a petition for certiorari to review a decision of the Workers' Compensation Appellate Commission denying compensation benefits to the employee, Theodore Lemek, for an alleged job-related injury.

The employee, a wood-working instructor for Washington Oaks, Inc., severed the tip of his right thumb while operating a table saw at work on October 18, 1980. He immediately reported the injury to his supervisor and promptly sought medical attention. He returned to work two weeks later.

The employee filed an original petition for workers' compensation benefits on March 4, 1981. The trial commissioner denied and dismissed the petition, finding that employee was not incapacitated for more than three days as a result of the injury. The appellate commission affirmed the decision of the trial commissioner, and employee appealed to this court.

We remanded the case to the appellate commission for reconsideration in light of our holding in *Morgan v. Davol, Inc.*, 458 A.2d 1082 (R.I.1983). On remand the appellate commission found that employee was incapacitated for more than three days. The commission, however, refused employee's request for compensation benefits on the grounds that he had "failed to prove by a fair preponderance of legally competent credible evidence of a probative nature that he sustained injuries arising out of his employment." This petition for certiorari followed.

The issue before us is whether the appellate commission exceeded the scope of the remand. We hold that it did.

Initially this case was remanded to the appellate commission for the limited purpose of redetermining the length of time during which employee was incapacitated in light of our holding in *Morgan v. Davol, Inc.* The appellate commission, on its own initiative, considered whether employee had sufficiently proved that his injury was work related. The appellate commission found that as a result of his injury, employee was incapacitated for a period longer than three days but that he had failed to prove that the injury was work related. As a result, the appellate commission denied the petition for workers' compensation benefits.

It is clear from these facts that the appellate commission exceeded the scope of the remand. The trial commissioner previously found that the employee had sustained a work-related injury. We remanded the case for a determination of whether the employee remained incapacitated for more than three days as a result of the injury. The appellate commission clearly had no reason to reconsider whether the employee's injury was work related.

For these reasons the petition for certiorari is granted, the decision of the appellate commission is quashed, and the case is remanded with instructions to comply with our first remand order.