Vincent J. O'CONNELL, Jr.

v.

Dennis G. FINLAY et al.

No. 89–179 Appeal.

Supreme Court of Rhode Island.

Dec. 11, 1990.

Irving Brodsky, Booth & Brodsky, Providence, for plaintiff.

Edmund L. Alves, Jr., Gorham & Gorham, Providence, for defendant.

## OPINION

FAY, Chief Justice.

This matter is before the Supreme Court on appeal by the defendant from a Superior Court declaratory-judgment decision. The defendant appeals the decision, alleging that the trial justice erred in his interpretation of the resolution adopted by the Town Council of the Town of Smithfield (council) concerning disability-pension benefits for Vincent J. O'Connell (O'Connell) and that the trial justice erred in determining that the council maintained the authority to adopt the resolution. We agree with the trial justice and affirm the decision.

In 1979 O'Connell was granted lifetime disability pay pursuant to a resolution adopted by the council. O'Connell had been appointed chief of police of Smithfield in February 1974 and served in that position until 1979 when he was accused of illegal activities and subsequently suspended from his duties with compensation pending investigation. Although the investigation did not yield any evidence of prosecutable misconduct, the council sought action against O'Connell in order to address the disruptions caused to the police department and the town as a result of the allegations. Early retirement and dismissal were some of the options considered. In November 1979 O'Connell received a letter from Dr. Thomas L. Greason, a psychiatrist, indicating permanent disability resulting from job-related stress. In accordance with a benefits proposal submitted by O'Connell to the council, the members of the council voted unanimously to grant O'Connell lifetime disability pay.

Paragraph 5 of the resolution adopted by the council on December 10, 1979, provided in pertinent part:

"5. That Chief of Police Vincent J. O'Connell, Jr. be paid for the remainder of his life, pursuant to the provisions of Group Annuity Contract No. 2484 GAC, John Hancock Mutual Life Insurance Company, as it pertains to the permanent Police Department of the Town of Smithfield, Rhode Island, an annual amount equal to sixty-six and two-thirds (66⅔%) percent of his final average salary, to wit, his average annual salary for the three (3) consecutive most highly paid years from the date of his appointment on January 24, 1974 as Chief of Police of the permanent Police Department of the Town of Smithfield, Rhode Island, including in lieu of overtime pay, annual leave, storm wages, and ninety (90) days' sick leave, as referred to in Paragraph 3., hereof, said payment to be effective through the period ending on December 15, 1979, and payable accordingly."

O'Connell was paid his full disability retirement benefits, $1,277.37 per month, by the town's insurer, John Hancock, from the time of his retirement in December 1979 until February 1, 1982, which date would have been the date of O'Connell's ordinary retirement. At that time the disability pay-

ments were reduced by the insurer to $387.21 per month, which was the sum O'Connell would have received pursuant to the John Hancock policy had he not retired early under the terms of the resolution.

O'Connell then filed a petition for declaratory and injunctive relief with the Superior Court to reinstate his disability payments of $1,277.37 per month for the remainder of his life. The trial justice decided in favor of O'Connell, and in addition to reinstituting the full disability benefits, awarded him arrearages and costs.

The defendant asserts that the trial justice erred in refusing to allow defendant's motion to amend its answer. The amendment challenged the council's lack of authority to grant special pension benefits to a single individual. Although this court maintains that amendments of this nature should be granted absent a compelling reason to refuse, the ultimate decision to allow an amendment lies within the discretion of the trial justice. *Order of St. Benedict v. Gordon*, 417 A.2d 881, 883 (R.I.1980); *Ricard v. John Hancock Mutual Life Insurance Co.*, 113 R.I. 528, 540, 324 A.2d 671, 677 (1974). The trial justice determined that defendant's proposed amendment was "untimely and unfairly prejudiced the plaintiff" because the issue was being raised for the first time six years after the original complaint had been filed. Although O'Connell may have anticipated such an argument, he had no reason to expect that the town would raise it at trial in 1988. In *Vincent v. Musone*, 572 A.2d 280 (R.I.1990), this court determined that an " 'extraordinarily long and essentially unexplained delay' " in moving to amend an answer may be considered by a trial justice even if the opposing party should have anticipated the argument raised in the amendment. *Id.* at 283. In light of the fact that the amendment was not requested by defendant until six years after the original complaint and well into the trial, we find that the trial justice did not abuse his discretion in refusing the amendment and, therefore, no error was committed.

In reviewing the record, however, we find that the trial justice did address the merits of the proposed amendment, therefore, defendant was not prejudiced by the denial of his motion to amend his answer. The trial justice examined the scope of the council's authority and determined that the council represents the legislative body of the town of Smithfield and as such it is responsible for the daily operations and maintenance of the municipality. The Policemen's Arbitration Act, G.L.1956 (1986 Reenactment) chapter 9.2 of title 28, mandates municipalities to act through their corporate authorities to meet with representatives of the bargaining agents of the police department and establish wages, salaries, and other conditions of employment. The council has the authority to establish pension benefits pursuant to this statute.

The defendant's assertion that the council acted ultra vires in failing to comply with the collective-bargaining process regarding O'Connell's disability benefits is without merit in light of the circumstances surrounding the council's actions. Although this court recognizes that the council's power to grant police officers disability benefits evolves out of the Policemen's Arbitration Act and that pension negotiations ordinarily fall within the parameters of the collective-bargaining agreement, we cannot ignore the circumstances surrounding the council's adoption of the resolution. *City of East Providence v. Local 850, International Association of Firefighters, AFL–CIO*, 117 R.I 329, 333–39, 366 A.2d 1151, 1154–56 (1976). In this instance the council did not consider O'Connell's retirement to be a matter encompassed by the collective-bargaining agreement. As we addressed this issue previously, it appears that both parties were aware of the impact of the pension-benefits agreement they were negotiating. The council adopted the resolution unanimously.

As a legislative body, the council is presumed to have known that the town would be solely responsible for paying 'the increased costs of the individual-benefits package and that John Hancock's liability as insurer would remain limited. The council was aware of the ultimate result of the resolution and consciously disregarded the

collective-bargaining agreement in its negotiations. The trial justice did not therefore err in finding that the council had the authority to adopt the resolution.

Next defendant alleges that the trial justice, sitting without a jury, misconstrued the resolution. The trial justice did find the pertinent portion of the resolution ambiguous in that it bound the town of Smithfield to an individual pension agreement different from the one provided for under the collective-bargaining agreement. On its face the provision allows for both lifetime disability payments at O'Connell's full pay level ($1,277.37 per month) and lifetime disability payments at the amount fixed by the John Hancock insurance policy ($387.21 per month).

To establish the meaning of an ambiguous contract provision, it is necessary to examine the circumstances surrounding the development of the ambiguous terms as well as the intentions of the parties. *Dial Media, Inc. v. Schiff,* 612 F.Supp. 1483, 1487–88 (D.R.I.1985); *Woonsocket Teachers Guild Local 951 v. School Committee of Woonsocket,* 117 R.I. 373, 376, 367 A.2d 203, 205 (1976). The trial justice analyzed the plain language of paragraph 5 of the document and the parties' motivations for adopting the apparently ambiguous provision in construing the true meaning and impact of the resolution. The trial justice found that O'Connell had been seeking permanent disability payments for the rest of his life while the council members had been attempting to remedy the disharmony created by O'Connell's performance as chief of police. The council had wanted to avoid initiating formal dismissal proceedings against O'Connell, and at the same time it had not wanted to compensate O'Connell with his full salary. Had an early-retirement agreement not been reached, G.L.1956 (1988 Reenactment) § 45–19–1 might have compelled the council to have paid O'Connell his full salary until the time of his normal retirement. It can be inferred therefore that both parties at the time were seeking to resolve the issue in a timely manner.

In adopting the resolution, the council did not defer to the existing group annuity contract. Paragraph 5 of the resolution specifically states that O'Connell's benefits are to "be paid for the remainder of his life." We find that the trial justice examined the intentions of the parties properly and therefore was correct in his construction of the challenged resolution.

In addition defendant asserts that the trial justice's construction of the resolution was contrary to the weight of the evidence. The defendant maintains that four days of testimony did not reveal that the council intended to award O'Connell benefits in excess of those provided by the John Hancock policy. The standard of review of a decision of a trial justice sitting without a jury is well established by this court.

"We have consistently held that the findings of a trial justice sitting without a jury are accorded great deference and will not be disturbed unless it is demonstrated that the trial justice misconceived or overlooked material evidence or was otherwise clearly wrong. * * * Furthermore, if findings of fact are supported by substantial evidence, we shall not substitute our decision for that of the trial justice." *Green v. Green,* 559 A.2d 1047, 1048 (R.I.1989).

In reviewing the record, we find that the trial justice properly considered the circumstances surrounding the agreement as well as testimony supporting both parties and that the trial justice correctly examined and interpreted the parties' intent.

For the reasons stated, the defendant's appeal is denied and dismissed. We affirm the judgment of the Superior Court, and the papers in this case are remanded to the Superior Court.