DECISION
Before this Court is an appeal of the January 11, 2001 decision of the Charlestown Zoning Board, sitting as the Platting Board of Review (Board), which reversed the September 20, 2000 decision of the Charlestown Planning Commission (Commission). The Commission's decision denied J. F. Smith Builders, Inc's (Smith) application for preliminary subdivision approval for a parcel of land designated as Assessor's lot 204-5 (Oak Hollow) within the Town of Charlestown, Rhode Island. Plaintiffs Ralph and Catherine Craig, Lazaro and Deborah Mendoza, Linda Nordlund, Elizabeth Harvey, and Merrilyn Stevens (Plaintiffs) are neighboring property owners of Oak Hollow and seek reversal of the Board's decision. Jurisdiction is pursuant to G.L. 1956 § 45-23-71.
 FACTS/TRAVEL
Smith is the owner of Oak Hollow, a 17.4 acre parcel of land with 50 feet of frontage on Narrow Lane in Charlestown, Rhode Island. In June of 1998, in an effort to subdivide Oak Hollow, Smith filed an application for a five lot cluster subdivision with the Commission. The Commission certified the application as complete on June 30, 1998 — the day before a new zoning ordinance became effective.[1]
On July 15, 1998, the Commission unanimously granted conceptual approval to Smith for a cluster subdivision with five 50,000 square foot lots. Approval was granted after the Town Planner recommended "approving the conceptual plan because it is consistent with the Charlestown Comprehensive Plan, the Charlestown Zoning Ordinance, the General Purposes of the Subdivision Regulations, and the conceptual requirements for minor residential cluster subdivisions." (July 15, 1998 Charlestown Planning Commission Meeting Minutes at 3.) However, the Commission conditioned its approval upon Smith's implementation of various stipulations which included the Commission's stipulation that the perimeter buffer be reduced from 100 feet to 50 feet and required dimensional area added to open space area.
Upon securing the requisite conceptual approval, Smith moved to the next stage of review. On March 16, 1999, Smith filed with the Commission an application for preliminary subdivision approval and a site plan. The site plan incorporated the stipulations of the conceptual approval; however, the site plan reduced the lot sizes from 50,000 feet to 40,000 feet.
Public hearings on the Oak Hollow application were held June 16, 1999; August 18, 1999; September 15, 1999; and October 20, 1999. Issues discussed at the hearings included the presence of wetlands, storm water drainage, well water, buffer size, density calculations and the subtraction of lands with slopes in excess of 15 percent, and minimum lot size. Additionally, the question was raised as to whether the 1984 zoning ordinance or the 1998 zoning ordinance would control, and the determination was made that the 1984 zoning ordinance was controlling.
At the final public hearing, it was brought to the Commission's attention that the 1984 zoning ordinance required 50,000 square foot minimum lots, while the 1998 zoning ordinance required 40,000 square foot minimum lots. Thus, Smith's application could not be approved under the 1984 ordinance as the proposed lots were only 40,000 square feet. Accordingly, the Commission denied, without prejudice, Smith's application "based upon the fact that the lot sizes in the proposed cluster subdivision application are less than that allowed in the Town of Charlestown's 1984 Zoning Ordinance." (October 20, 1999 Planning Commission Decision.)
Smith appealed the denial of its application to the Board. In a decision dated February 4, 2000, the Board reversed the Commission's decision and found that the Commission had committed procedural error. However, the Board determined that Smith had to comply with all the regulations of the 1984 zoning ordinance and remanded the case to the Commission to be processed under the 1984 zoning ordinance.
In May of 2000, Smith submitted a revised site plan to the Commission, which increased the proposed lot sizes from 40,000 square feet to 50,000 square feet as required by the 1984 zoning ordinance. A public hearing was held on July 19, 2000, during which an expert testified on behalf of neighboring property owners regarding the size of the proposed buffer zone and density calculations. In response, Smith's engineer, Donald Jackson, stated that it was his understanding that the Commission had reduced the buffer due to the topography and high ridge of the site. The Commission voted to close the public hearing and requested that Smith provide density calculations and topography for the site.
At the August 16, 2000 Commission meeting, the Commission voted to retain an expert to determine how many lots the site could support under the 1995 Subdivision Regulations. The expert sent the Commission a letter and plan in which the expert calculated density pursuant to the 1995 Subdivisions Regulations and thus subtracted land with slopes which exceeded 15 percent.[2] The expert determined that the site could support only four lots. Smith did not have an opportunity to cross examine the expert as the expert's report was issued after the public hearings had been closed.
In accordance with the expert's recommendation, the Commission requested that Smith submit a revised plan for a 4-lot cluster subdivision. Smith indicated that he did not wish to submit another plan and would rather eliminate one of the lines on the existing plan which would reduce the number of lots from five to four. The Commission voted to deny Smith's plan with one line eliminated and then voted to deny Smith's application. Reasons for denial as stated by
Commission members include the Commission's desire to see a redesigned plan, Smith's failure to comply with abutter's request for 100 foot buffer, the number of lots, and the Commission's feelings that there could be "better use to accommodate the abutter's concerns." (September 20, 2000 Charlestown Planning Commission Minutes at 3.)
Smith appealed this second denial of its application to the Board, arguing that the Commission utilized improper voting procedures; that the Commission did not have the authority to revisit the perimeter buffer since it was the Commission who had stipulated at the conceptual stage that Smith reduce the perimeter buffer from 100 feet to 50 feet; that the Commission improperly calculated density/maximum number of lots by subtracting land with slopes in excess of 15 percent; and that the Commission committed prejudicial procedural error by ordering and relying on expert testimony outside the scope of the public hearing and by failing to allow Smith the rebut that same testimony. The Commission argued that the voting procedures did not constitute prejudicial error; the zoning ordinance mandated a 100 foot perimeter and conceptual approval does not constitute final approval; the 1995 subdivision regulations required subtraction of lands with slopes in excess of 15 percent in calculating density/maximum number of lots; and Smith did not object to the expert testimony.
The Board unanimously voted to overturn the Commission's decision. According to the Board, the Commission's consideration of the expert's report after the close of the public hearing constituted clear and prejudicial procedural error. Additionally, the Board found that given its remand, the Commission should not have considered the buffer or lands with slopes in excess of 15 percent. Accordingly, the Board remanded the case to the Commission for "approval of the plan as submitted consisting of five, 50,000 square foot lots with a 50-foot boffer [sic] and without consideration of the 15% slope." (January 11, 2001 decision of the Zoning Board of Review sitting as the Platting Board of Review and Appeals.) Plaintiffs have filed the instant appeal of the Board's decision and request that this court reverse the Board's decision and affirm the decision of the Commission.
 STANDARD OF REVIEW
Pursuant to G.L. 1956 § 45-23-70, an aggrieved party may appeal a planning board's decision to the town's board of appeals. That statute provides that the "board of appeal shall not substitute its own judgment for that of the planning board . . . but must consider the issue upon the findings and record of the planning board." Furthermore, the "board of appeal shall not reverse a decision of the planning board . . . except on a finding of prejudicial procedural error, clear error, or lack of support by the weight of the evidence in the record." G.L. 1956 §45-23-70.
A board of appeal's decision regarding the subdivision of land may be appealed to the Superior Court pursuant to G.L. 1956 §45-23-71. Subsection (c) of that statute states:
"The court shall not substitute its judgment for that of the planning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of appeal or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
(1) In violation of constitutional, statutory, ordinance or planning board regulations provisions; (2) In excess of the authority granted to the planning board by statute or ordinance; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
Judicial review of board decisions under § 45-23-71 is not de novo. See Munroe v. Town of East Greenwich, 733 A.2d 703, 705 (R.I. 1999). The Superior Court does not have the authority to "consider the credibility of witnesses, weigh the evidence, or make its own findings of fact." Id. Rather, judicial scrutiny on appeal is "confined to a search of the record to ascertain whether the board's decision rests upon `competent evidence' or is affected by an error of law." Id (citation omitted).
 REVIEW OF THE BOARD'S DECISION
Plaintiffs argue that that the Commission's decision is fully supported by the record and that the Board's reversal is not supported by the record. More specifically, Plaintiffs argue that in determining that the Commission exceeded the scope of its remand and should not have considered the buffer or lands with slopes in excess of 15 percent, the Board misconstrued the language of G.L. 1956 § 45-23-70(c). That section provides that
"where a board of appeal overturns a decision of the planning board or administrative officer, the proposed project application is remanded to the planning board or administrative officer, at the stage of processing from which the appeal was taken, for further proceedings before the planning board or administrative officer and/or for the final disposition, which shall be consistent with the board of appeal's decision."
Plaintiffs contend that the Board erroneously interpreted this statute to require that the Commission approve Smith's application as long as the lot sizes are 50,000 square feet. According to Plaintiffs, such an interpretation erroneously prohibits the Commission from considering whether the application conforms to the density and buffer requirements of the 1984 zoning ordinance and 1995 Subdivision Regulations. Smith argues that the Board did not misconstrue § 45-23-70(c) as the Board is entitled to limit the scope of remand and that the record supports the Board's finding that the Commission committed clear and prejudicial procedural error when it exceeded the scope of its remand by reconsidering the buffer and lands with slopes in excess of 15 percent. Plaintiffs also argue, without supporting examples, that the Board relied on matters outside the Commission's records.
After a review of the entire record, this Court does not find that the Board relied on matters outside the Commission's records. Furthermore, this Court finds that the Board's decision that the Commission exceeded the scope of its remand and committed prejudicial procedural and clear error in its consideration of the buffer and lands with slopes in excess of 15 percent rests upon competent evidence and is not affected by error of law. The Court's reasoning is explained below.
Lands with slopes in excess of 15 percent
Plaintiffs contend that the Board erroneously determined that lands with slopes in excess of 15 percent are not an issue and should not have been considered by the Commission. Plaintiffs argue that pursuant to the 1995 Subdivision Regulations, in order to calculate density/maximum number of allowable lots, lands with slopes in excess of 15 percent must be subtracted. Smith argues that, given the Board's remand, the Commission should not have considered the issue of density/maximum number of lots. However, according to Smith, even it were permissible for the Commission to reconsider density/maximum number of lots, the Board remanded its application for consideration under the 1984 ordinance; and the 1984 zoning ordinance, unlike the 1995 Subdivision Regulations, does not require the subtraction of lands with slopes in excess of 15 percent. Furthermore, Smith argues that the 1984 zoning ordinance is controlling where there is a conflict between the 1995 Subdivision Regulations and the 1984 zoning ordinance.
This Court finds that, even if it were permissible for the Commission to consider density/maximum number of lots, the Board's determination that lands with slopes in excess of 15 percent is a "non issue" is not affected by error of law. As stated, the 1984 zoning ordinance and the 1995 Subdivision regulations differ as to whether lands with slopes in excess of 15 percent should be subtracted in the calculation of density/maximum number of lots. Article XIIIA of the 1984 Zoning Ordinance, which governs residential cluster subdivisions, does not require subtraction of such lands, but the 1995 Subdivision Regulations do require subtraction of such lands. However, this Court notes that G.L. 1956 § 45-23-31 requires that subdivision regulations be consistent with the local zoning ordinance. Moreover, the record reflects that Smith's application was remanded to the Commission for reconsideration under the 1984 zoning ordinance. Thus, the Board's determination that lands with slopes in excess of 15 percent are a "non issue" is not affected by any error of law.
This Court also notes that the record reflects that the issue of the subtraction of lands with slopes in excess of 15 percent was before the Commission during the first set of public hearings. Despite the fact that the Commission had the opportunity to deny Smith's application on this basis, it did not do so. Rather, the Commission initially denied Smith's application "based upon the fact that the lot sizes in the proposed cluster subdivisions application are less than that allowed in the Town of Charlestown's 1984 Zoning Ordinance." (October 20, 1999 Planning Commission Decision.) Accordingly, the Board did not misconstrue §45-23-70(c) in limiting the scope of remand. Furthermore, as noted, the evidence in the record supports the Board's determination that that the Commission committed clear and prejudicial procedural error by exceeding the scope of the remand and reconsidering lands with slopes in excess of 15 percent and thus requiring Smith to re-litigate the same issue at multiple hearings. Cf. Lemek v. Washington Oaks, Inc., 524 A.2d 597
(R.I. 1987) (holding that an inferior tribunal may not exceed the scope of the remand).
The Board also determined that the Commission committed clear and prejudicial procedural error when it employed an expert after the close of the public hearing and then relied upon the expert's report, even though Smith was unable to challenge the report or cross examine the expert. Although Plaintiffs have not challenged this determination, this Court notes that the Board's determination is not affected by error of law and that there is competent evidence in the record to support the Board's determination.
Our Supreme Court has suggested that cross examination should be allowed in appropriate zoning cases, but it has not held that a participant in a zoning action is entitled, as a matter of right, to cross examine witness. See Westminster Corp. v. Zoning Bd. of Review,103 R.I. 381, 393-94; 238 A.2d 353, 360-61 (R.I. 1968). However, a participant must be allowed to present competent and relevant evidence on the issues raised. See id. Since this Court finds that the record reflects that the Commission relied upon the expert report and that Smith was unable to present evidence rebutting the expert's report, this Court is satisfied that there is competent evidence in the record to support the Board's determination that the Commission committed clear and prejudicial procedural error. Thus, assuming arguendo that the Commission was correct in its consideration of lands with slopes in excess of 15 percent, the Commission still committed clear and prejudicial procedural error with respect to its reliance upon an expert report that Smith was not allowed to rebut.
Buffer
Plaintiffs further argue that the Board's interpretation of G.L. 1956 § 45-23-70(c) would require them to approve a subdivision which violates the provisions of the zoning ordinance requiring a 100 foot buffer. In response, Smith asserts that the Board committed no error by requiring the Commission to adhere to the parameters of the conceptual approval they granted to Smith. Plaintiffs contend that the Commission's stipulation requiring Smith to reduce the buffer from 100 square feet to 50 square feet was made at the conceptual level, and thus pursuant to G.L. 1956 § 45-23-35, it is not considered a final approval.
Upon review of the entire record, this Court finds that, regardless of whether or not conceptual approval constitutes final approval, there is evidence in the record to support the Board's finding that the Commission committed clear and prejudicial procedural error in reconsidering the issue of the buffer. The record reflects that the Commission was concerned about the forest and conditioned its grant of conceptual approval upon Smith's compliance with Commission stipulations which included the stipulation that "[p]erimeter buffer zone reduced from 100' to 50' and required dimensional area added to open space area." (7/21/98 letter to Evelyn Smith from Donna D. DiNobile, Planning Commission Clerk; July 15, 1998 Charlestown Planning Commission Meeting Minutes at 3.) Smith was required to comply with the Commission's stipulations in order to proceed to the next level of review. Additionally, the Commission unanimously voted to approve the conceptual plan with stipulations after the Town Planner recommended "approving the conceptual plan because it is consistent with the Charlestown Comprehensive Plan, the Charlestown Zoning Ordinance, the General Purposes of the Subdivision Regulations, and the conceptual requirements for minor residential cluster subdivisions." (July 15, 1998 Charlestown Planning Commission Meeting Minutes at 3.)
The record further reflects that during the first set of public hearings for preliminary approval (held after the grant of conceptual approval), abutters raised the issue of the buffer. However, despite the fact that the issue was before them, the Commission did not deny Smith's application on that basis. Rather, as previously noted, Smith's application was denied "based upon the fact that the lot sizes in the proposed cluster subdivisions application are less than that allowed in the Town of Charlestown's' 1984 Zoning Ordinance." (October 20, 1999 Planning Commission Decision.)
Based upon the aforementioned, this Court finds that the Board did not misconstrue G.L. 1956 § 45-23-70(c) when it determined that the Commission committed prejudicial procedural and clear error by exceeding the scope of the Board's remand and reconsidering the buffer issue. Cf. Lemek v. Washington Oaks, Inc., 524 A.2d 597 (R.I. 1987) (holding that an inferior tribunal's consideration of a remanded case must be limited to the scope of the remand). Rather, the Board's determination is supported by the record which reflects that (1) at the conceptual level, the Commission mandated that Smith reduce the buffer from 100 feet to 50 foot buffer due to concerns about the forest; (2) the Commission unanimously approved the conceptual plan with a 50 foot buffer after the Town Planner made the motion that the plan be accepted since it was in compliance with the zoning ordinance; and (3) the Commission did not base its initial denial on the buffer even when it had to the opportunity to do so, but rather required Smith to re-litigate the issue at multiple hearings.
Plaintiffs also argue that the Board ignored uncontradicted expert testimony that a 50 foot perimeter buffer violated the 1984 zoning ordinance. Thus, according to Plaintiff, the Board substituted its judgment for that of the Commission when it remanded the case to the Commission with instructions that the Commission approve the application with the 50 foot buffer. Smith contends that the Commission should not have reconsidered the perimeter buffer on remand. However, Smith argues that even if the Commission were entitled to reconsider the perimeter buffer, the Board did not ignore the expert testimony or substitute its judgment for that of the Commission since the Commission never made any findings accepting the expert testimony or any findings that the 50 foot buffer violated the 1984 zoning ordinance.
The record reflects that at the public hearing held after the Board's first remand of Smith's application to the Commission, the abutters presented expert testimony that the fifty foot perimeter buffer violated the 1984 zoning ordinance. (July 19, 2000 Charlestown Planning Commission Minutes.) However, the record reflects that the expert's testimony was not uncontradicted. Rather, the expert's testimony was rebutted by Smith's engineer who stated that it was his understanding that the Commission had reduced the buffer due to concerns about topography and the high ridge of the site. Furthermore, the record reflects that after receipt of the testimony, the Commission did not make any findings which contradicted its earlier unanimous approval of the conceptual plan given after the Town Planner found the plan to be in accordance with the zoning ordinance. Rather, the record reflects that the "Commission's concern [was] for the abutters, who have consistently requested a 100 ft. buffer." (September 20, 2000 Charlestown Planning Commission Minutes at 3.) Moreover, in denying Smith's application, Commission members did not find that the buffer violated the 1984 zoning ordinance, but instead found that "the applicant will not comply with abutters 100 ft. buffer"; were "concerned with the buffer-does not feel adequate for abutters; and found "there could be better use to accommodate the abutters' concerns." Id.
Pursuant to G.L. 1956 § 45-23-70, a "board of appeal shall not substitute its own judgment for that of the planning board . . . but must consider the issue upon the findings and record of the planning board." In the instant case, the record demonstrates that the expert's testimony was contradicted and that the Commission's findings in its second denial of Smith's application were limited to a reiteration of the abutter's concerns. Furthermore, as stated, an examination of the record reveals that the Commission neither mentioned the expert's testimony nor made any findings which contradicted its earlier determination that the conceptual plan was in compliance with the zoning ordinance. Accordingly, this Court is satisfied that the Board did not ignore the expert testimony or substitute its judgment for that of the Commission when it remanded the case to the Commission for "approval of the plan as submitted consisting of five, 50,000 square foot lots with a 50-foot boffer [sic] and without consideration of the 15% slope." (January 11, 2001 decision of the Zoning Board of Review sitting as the Platting Board of Review and Appeals.). This Court also finds that Board's remand requiring the Commission to approve the plan with a 50 foot buffer is not affected by error of law since the Commission has not made any findings which contradict its earlier determination that the conceptual plan was in compliance with the zoning ordinance.
Based upon the aforementioned, this Court finds that the record substantiates the Board's determination that that the Commission committed prejudicial procedural and clear error in its reconsideration of the buffer and lands with slopes in excess of 15 percent and in its consideration of the expert report. Furthermore, this Court finds that the Board's decision is not affected by any error of law.
 CONCLUSION
After reviewing the entire record, this Court finds that there is competent evidence to support the decision of the Board. This Court also finds that the Board's decision was not affected by error of law or made in excess of the Board's authority under G.L. 1956 § 45-23-70(a). Accordingly, the decision of the Board is affirmed.
Counsel shall submit the appropriate order for entry.
[1] At the time Smith's application was certified as complete, the 1984 Charlestown Zoning Ordinance (zoning ordinance) was still in effect. On July 1, 1998, a new zoning ordinance went into effect. The 1984 zoning ordinance required minimum lot sizes of 50,000 square feet, but it did not require the subtraction of lands with slopes in excess of 15 percent in the calculation of density. The 1998 Charlestown Zoning Ordinance decreased the minimum lot sizes to 40,000 square feet; however, it required that lands with slopes in excess of 15 percent be eliminated from density calculation. Both ordinances required a 100 foot perimeter buffer unless the proposed subdivision met an exception.
[2] The 1984 zoning ordinance, unlike the 1995 Subdivision Regulations and the 1998 zoning ordinance, does not require the subtraction of lands with slopes which exceed 15 percent.